UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

In re:                                                             ) Bankr. No. 11-40568
                                                                   ) Chapter 7
KATHRYN LYNN DAGGITT                                               )
SSN/ITIN xxx-xx-1507                                               ) OBJECTION TO CLAIMED
                                                                   ) EXEMPTIONS AND
                      Debtor.                                      ) MOTION FOR TURNOVER

COMES NOW the Chapter 7 Trustee and objects to Debtor's claimed exemptions and, further, moves the Court for an order requiring turnover of property by the Debtor.

1. OBJECTION

Specifically, the Trustee objects on the basis that Debtor's claimed exempt property under S.D.C.L. § 43-45-4 exceeds Debtor's exemption limit of $4,000.00 by $972.00 based upon the following:

| Asset | Amount Exempted |
|---|---|
| Cash | 6.00 |
| Bank Accounts | 43.00 |
| Household Goods | 175.00 |
| Hobby | 100.00 |
| Earned Wages | 448.00 |
| 1994 Toyota 4-Runner | 200.00 |
| 2002 Toyota Tundra | 4,000.00 |
| Total | $4,972.00 |

2. MOTION FOR TURNOVER

This motion is brought pursuant to 11 U.S.C. § 521(4).  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.

On Schedule B Debtor listed a 2002 Toyota Tundra valued at $4,000.00.  Debtor submitted an appraisal to the Trustee from Big City Motors INC. which valued the vehicle at $4,500.00.  On Schedule C, Debtors claimed $4,000.00 of equity exempt in the vehicle.  The amount of non-exempt equity in the vehicle is $500.00.

Debtor's personal property exemption limit under S.D.C.L. § 43-45-4 is $4,000.00.  Based on the information provided on Debtor's schedules and testimony at the § 341 meeting, the value of Debtor's personal property is as follows:

| Asset | Trustee Value | Amount Exempted |
|---|---|---|
| Cash | 6.00 | 6.00 |
| Bank Accounts | 705.00 | 43.00 |

| | | |
|---|---:|---:|
| Security Deposit | 550.00 | 0.00 |
| Household Goods | 175.00 | 175.00 |
| Hobby | 100.00 | 100.00 |
| Earned Wages | 448.00 | 448.00 |
| 2011 Federal Tax Refund | Unknown | 0.00 |
| 1994 Toyota 4-Runner | 200.00 | 200.00 |
| 2002 Toyota Tundra | 4,500.00 | 4,000.00 |
| Total | $6,684.00 | $4,972.00 |

Debtor has $2,684.00 of non-exempt personal property equity ($1,212.00 personal property equity not claimed exempt + $500.00 equity in the 2002 Toyota Tundra not claimed exempt + $972.00 personal property equity claimed exempt in excess of Debtor's personal property exemption limit).  Furthermore, 202/365ths of Debtor's 2011 federal income tax refund is property of the bankruptcy estate.

Wherefore, the Trustee would hereby request that the Court sustain the Trustee's objection to claimed exemptions, and order Debtor to turn over to the Trustee the 2002 Toyota Tundra, or, in the alternative, turn over to the Trustee $500.00 for the amount of non-exempt equity in the vehicle; $2,684.00; the pre-petition amount of Debtor's 2011 federal income tax refund which has not been claimed exempt; and for such other and further relief as is deemed appropriate by the Court under the circumstances.

Dated this 15th day of September, 2011.

LEE ANN PIERCE

/s/ Lee Ann Pierce
Chapter 7 Bankruptcy Trustee
316 Fourth St.
P.O. Box 524
Brookings, SD  57006-0524
Phone: 605 692-9415
Fax: 605 692-1433